DERRICK L. SMITH,

        Plaintiff,

        v.                                                                         Case No. 24-C-1136

JON NOBEL, et al.,

        Defendants.

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

On December 2, 2024, the Court dismissed this case based on Plaintiff Derrick L. Smith's failure to pay the $1.58 initial partial filing fee. Dkt. Nos. 11 & 12. The Court concluded that, contrary to Plaintiff's assertions, the institution was not hindering his efforts to pay, and instead, he was intentionally failing to comply with the institution's clear instructions on how to request payment. Dkt. No. 11. The Court noted that Plaintiff is an experienced litigator (who has filed at least 12 previous cases in this district) and he knows how to organize payment for a lawsuit through his institution. *Id*. The Court also noted that Plaintiff had already acquired "three strikes" under 28 U.S.C. § 1915(g), so he could not proceed *in forma pauperis* anyway. *Id*. The Court dismissed the case based on failure to pay the filing fee and advised Plaintiff that, should he choose to refile this case at a later time, he should be prepared to pay the civil case filing fee in full. *Id*.

On April 17, 2025, Plaintiff filed a motion for reconsideration. Dkt. No. 14. Plaintiff claims that he is in "imminent danger." *Id*. In order to meet the imminent danger requirement of 28 U.S.C. § 1915(g), a plaintiff must allege a physical injury that is imminent or occurring at the time the complaint is filed, and the threat or prison condition causing the physical injury

must be real and proximate. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (citing *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002) and *Heimermann v. Litscher*, 337 F.3d 781 (7th Cir. 2003)). Simply using the "magic words imminent danger" does not demonstrate that a danger is real. *See Almond v. Glinski*, No. 15-CV-365-PP, 2015 WL 6454643, at *4 (E.D. Wis. Oct. 26, 2015). In the underlying complaint, Plaintiff alleges eight different claims—denial of medical care for breathing issues/muscle spasms/knee pain, denial of mental health care, excessive force, retaliation, unconstitutional conditions of confinement, denial of access to the courts, etc.—and claims he is in "imminent danger" from all of those issues. Dkt. No. 1. In his motion for reconsideration, he alleges that he is in "imminent danger" because he was raped on March 23, 2025. Dkt. No. 14 at 2. He states that, "if the above claims are not stopped, they will repeat themselves." *Id*. at 2 & 5. It is well established law that past acts of harm do not establish imminent danger. *Ciarpaglini*, 352 F.3d at 330; *Lewis*, 279 F.3d at 529. Additionally, it is clear from the complaint that Plaintiff is attempting to use the magic words "imminent danger" with respect to every claim he alleges to file a lawsuit without paying. He cannot do this. Therefore, the Court will deny the motion for reconsideration. Plaintiff is advised that this case is closed and he should not file any more documents in this case.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for reconsideration (Dkt. No. 14) is **DENIED**.

Dated in Milwaukee, Wisconsin this 22nd day of May, 2025.

_____
STEPHEN C. DRIES
United States Magistrate Judge